T. T. FRADY AND H. G. CLEMENT v. CAROLINA MOUNTAIN POWER
CORPORATION AND DUKE POWER COMPANY.

(Filed 4 May, 1938.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the Superior Court will be affirmed without becoming a precedent.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant Duke Power Company from *Alley, J.,* at September Term, 1937, of RUTHERFORD. No error.

*McRorie & McRorie and Morgan & Storey for plaintiffs, appellees.*
*Edwards & Edwards, W. S. O'B. Robinson, Jr., C. W. Tillett, and J. H. Marion for defendant, appellant.*

PER CURIAM. A judgment of nonsuit was entered as to the defendant Carolina Mountain Power Corporation, from which no appeal was taken.

The action, as it relates to the appellant Duke Power Company, was instituted by the plaintiffs to recover for damage to their lands and crops on Rocky Broad River alleged to have been caused by the negligent operation of its dam by the appellant. The land of the plaintiff Frady was located on Rocky Broad River and was being farmed by the plaintiff Clement on shares. On 16 October, 1936, the land and the crops thereon were damaged by the overflow of the river. The dam operated under lease by the appellant was on Rocky Broad River about eight miles up stream from the land of the plaintiff Frady. The plaintiffs allege that the damage to their land and crops was directly and proximately caused by the negligent operation by the appellant of said dam, in that the appellant negligently allowed the waters from the rains to gradually accumulate in the lake above the dam until the waters therein had risen to the crest of and was overflowing a portion of said dam, and after such accumulation of such waters the appellant negligently opened the floodgates of said dam, thereby suddenly releasing great volumes of water from said lake, which added great volumes of water to the already swollen condition of the stream below the dam, that the water so released so accelerated the flow of the stream and so increased the amount of water therein as to cause the stream to overflow the plaintiffs' land and crops, thereby damaging and destroying same.

The appellant, while it admits that the water accumulated in the lake till it overflowed the spillway before the floodgates were opened, and that it opened its floodgates and allowed the water to flow through them, denies that in so doing it acted negligently.

The court being evenly divided in opinion, Seawell, J., not sitting, the judgment of the Superior Court is affirmed, as the disposition of this appeal, without becoming a precedent, in accord with the practice of the Court. Mills v. Jones, ante, 802.

No error.

SEAWELL, J., took no part in the consideration or decision of this case.